UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**UNITED STATES OF AMERICA**,                                :
                                                             :
                Plaintiff,    :
                                             : **MEMORANDUM DECISION AND**
                                                  **ORDER**
      – against –                                     :
                                                19-CV-5878 (AMD)
                                                             :
**JENNIFER OLSTROM**, **TEACHERS**                           :
**FEDERAL CREDIT UNION**, **JOHN DOE**,                      :
**MARY ROE**, and **XYZ CORPORATION**,                       :
                                                             :
                Defendants.   :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On October 17, 2019, the plaintiff brought this action against the defendants[1] seeking to foreclose a mortgage encumbering property located at 16 Goodale Court, Riverhead, New York 11901 (the "Property"). (ECF No. 1 ¶ 4.) Before the Court is the plaintiff's motion for summary judgment.[2] (ECF No. 29.) For the reasons that follow, the motion is granted.

## BACKGROUND[3]

On December 13, 2000, the defendant Jennifer Olstrom executed and delivered a Promissory Note to the United States, acting through the United States Department of

---

[1] On March 1, 2022, the Clerk of Court entered a certificate of default against the Teachers Federal Credit Union, which has not appeared in this action and has not answered or otherwise responded to the complaint. (ECF No. 29-1 ¶ 10.) The complaint also named the defendants John Doe, Mary Roe and XYZ Corporation, but as discussed below, the plaintiff seeks to discontinue the action against them. (*Id.* ¶ 14.)

[2] The plaintiff also moves to strike and dismiss the defendant Jennifer Olstrom's answer (ECF No. 29; ECF No. 29-1 ¶ 9), as well as for a default judgment against the Teachers Federal Credit Union (*id.* ¶¶ 10–11), a judgment of foreclosure and sale (*id.* ¶¶ 12–13), an adjudication of the total amount owed to the plaintiff (*id.* ¶ 1), and to discontinue the action against the defendants John Doe, Mary Roe and XYZ Corporation and remove them from the case caption (*id.* ¶¶ 14–15).

[3] In deciding whether summary judgment is appropriate, the Court resolves all ambiguities and draws all reasonable inferences in favor of the defendants, the non-moving parties. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010); *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d

Agriculture's Rural Housing Service ("RHS"), in the amount of $154,650.00, with an interest rate of 6.875% to be paid in specified monthly installments. (ECF No. 29-6 ¶ 1; ECF No. 29-7 ¶ 3; ECF No. 29-8.) To secure the payment of the loan, Olstrom also executed and delivered to the plaintiff a mortgage against the Property. (ECF No. 29-6 ¶ 3; ECF No. 29-7 ¶ 3; ECF No. 29-9.) The mortgage was recorded in the Suffolk County Clerk's Office on or about January 3, 2001. (ECF No. 29-6 ¶ 3; ECF No. 29-7 ¶ 3; ECF No. 29-9.)[4]

On the same day she executed the mortgage, Olstrom signed a Subsidy Repayment Agreement. (ECF No. 29-6 ¶ 2; ECF No. 29-10.) According to RHS's website, eligible customers can get a subsidy at the loan closing to reduce monthly payments based on household income. *See* U.S. Department of Agriculture, Rural Development, *Subsidy Recapture Single Family Housing (Direct Loans)*, https://www.rd.usda.gov/sites/default/files/fact-sheet/508_RD_FS_RHS_SubsidyRecaptureDirectLoans.pdf (last accessed Feb. 16, 2024). The Subsidy Repayment Agreement "defines [the] loan repayment terms, including the circumstances under which all—or a portion of—the subsidy must be repaid (known as 'subsidy recapture')." *Id.* In this case, the interest rate was reduced and an interest credit in the amount of

---

Cir. 2008). On a motion for summary judgment, the Court's consideration is limited to factual material that would be admissible at trial. *Local Unions 20 v. United Bhd. of Carpenters & Joiners of Am.*, 223 F. Supp. 2d 491, 496 (S.D.N.Y. 2002). Factual allegations that are disputed without a citation to admissible evidence are deemed admitted, as long as they are supported by the record. Local Civ. R. 56.1(c); *see Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003). Factual allegations that are not disputed are also deemed admitted as long as they are supported by the record. *Giannullo*, 322 F.3d at 140. The Court disregards any arguments in the Rule 56.1 statements. *Pape v. Dircksen & Talleyrand Inc.*, No. 16-CV-5377, 2019 U.S. Dist. LEXIS 17717, at *5–6 (E.D.N.Y. Feb. 1, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 55158 (E.D.N.Y. Mar. 31, 2019). The factual recitation is based on my review of the entire record.

[4] Olstrom neither "affirm[ed] [n]or den[ied]" the facts in paragraphs 1-3 of the plaintiff's 56.1 statement (ECF No. 23-1 ¶ 1), but cites no evidence to refute the validity of the promissory note, mortgage, or subsidy repayment agreement (*see* ECF Nos. 29-8, 29-9, 29-10).

$68,641.16 was subject to recapture and recoverable as part of the mortgage debt. (ECF No. 29-7 ¶ 4; *see* ECF No. 29-10.)

On February 10, 2014, a UCC Financing Statement was filed with the Suffolk County Clerk's Records Office, indicating that the Teachers Federal Credit Union ("TFCU") "[has] or may claim to have some interest in or lien upon the mortgaged premises or some part thereof." (ECF No. 1 ¶ 12; *see also id.* at 22–24.)

Olstrom stopped making mortgage payments in early 2014.[5] (ECF No. 29-6 ¶ 4; ECF No. 29-7 ¶ 5 (Olstrom "has defaulted on payments due and owing under the Note and Mortgage beginning with the March 24, 2014 payment"); ECF No. 29-11.) On October 11, 2017, RHS sent Olstrom a notice informing her that the loan was in default, that payment of the loan in full was due immediately, and that she had 30 days to dispute the validity of the debt before the United States would proceed with foreclosure. (ECF No. 29-7 ¶ 10; ECF No. 29-12.) RHS mailed the notice to Olstrom through "certified and regular mail" (ECF No. 29-12 at 4), but the notice was returned to RHS as "unclaimed" and "unable to forward" (*id.* at 9–10).

On June 20, 2019, RHS mailed a 90-day pre-foreclosure notice to Olstrom,[6] informing her that her home loan was 1,904 days and $86,757.29 in default and that failure to take action to resolve the matter within 90 days might result in the initiation of legal action against her. (ECF No. 29-13 (affidavit stating that the 90-day notice was sent to Olstrom by certified and regular

---

[5] Olstrom does not dispute that she was "delinquent in payments under the terms of the promissory note." (ECF No. 23-1 ¶ 2.) She "has inquired of [the plaintiff] if there are any provisions for an application for modification of the terms of the promissory note and/or mortgage," and "was told that there are no such provisions." (*Id.*)

[6] Olstrom states that she "has no information regarding a 90-day pre-foreclosure notice and can neither confirm nor deny this allegation;" she maintains that the plaintiff has "control" over the "documentation" of its service of the notice. (*Id.* ¶ 3.)

3

mail); *see also* ECF No. 29-6 ¶ 5.)  On June 25, 2019, the plaintiff registered the mailing with the New York State Department of Financial Services.  (ECF No. 29-6 ¶ 5; ECF No. 29-14.)

Olstrom did not make payments to cure the default,[7] and on October 17, 2019, the plaintiff initiated this foreclosure action.  (*See* ECF No. 1.)  On December 10, 2019, Olstrom filed an answer.  (ECF No. 12.)

On November 24, 2021, the plaintiff moved for a certificate of default against TFCU, which had not appeared or otherwise defended the action.  (ECF No. 16.)  The Clerk of Court denied the request because the plaintiff did not include information about service of the complaint and summons.  (*ECF Order dated Feb. 1, 2022.*)  On February 22, 2022, the plaintiff renewed its request with the necessary information (ECF No. 17), and the Clerk of Court entered the default on March 1, 2022 (ECF No. 18).

On July 26, 2023,[8] the plaintiff moved for summary judgment against Olstrom on all claims, to discontinue the action as to the unnamed defendants and amend the caption, for a default judgment against TFCU and "adjudging the amount ow[ed] to the plaintiff and secured by the mortgage," and for a judgment of foreclosure and sale.  (ECF No. 29.)  Although the Court granted Olstrom two extensions to file a response, she did not do so.[9]  (*See ECF Orders dated Dec. 12, 2023 and Jan. 16, 2024.*)  Accordingly, the Court deemed the plaintiff's unanswered motion fully briefed on February 1, 2024.  (*ECF Order dated Feb. 1, 2024.*)  The

---

[7] Olstrom alleges in her answer that she has "made payments [which] have not been properly credited and are not reflected in the Summons and Complaint" (ECF No. 12 ¶ 6) but does not support that claim either in the answer or the Rule 56.1 counterstatement (*see id.*; *see also* ECF No. 23-1).

[8] Due to the COVID-19 pandemic, the action was stayed through March 31, 2021 pursuant to the United States Department of Agriculture ("USDA") foreclosure and eviction moratorium for Single Family Housing Direct Loan Borrowers.  (ECF No. 15.)

[9] The plaintiff filed a certificate of service stating that its counsel sent the motion and supporting documents to all defendants through U.S. Mail.  (ECF No. 29-20.)

4

Court also considers Olstrom's Rule 56.1 counterstatement, which she filed with her letter response to the plaintiff's request for a pre-motion conference request. (ECF No. 23-1.)

## LEGAL STANDARD

### I.    Summary Judgment

Summary judgment is appropriate only if the parties' submissions, including deposition transcripts, affidavits, or other documentation, show that there is "no genuine dispute as to any material fact," and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The movant has the "burden of showing the absence of any genuine material dispute as to a material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997).

A fact is "material" when it "might affect the outcome of the suit under the governing law," and an issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Barlow v. Male Geneva Police Officer Who Arrested Me on Jan. 2005*, 434 F. App'x 22, 25 (2d Cir. 2011) (summary order) (citations omitted). "Once the moving party has met its burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

### II.    Default Judgment

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant has not appeared or moved to

set aside the default, the court may enter a default judgment on a plaintiff's motion.  *See* Fed. R. Civ. P. 55(b)(2).

"Before imposing a default judgment, the district court must accept well-pleaded allegations as true and determine whether they establish the defendant's liability as a matter of law."  *U.S. Bank N.A. v. Whittle*, No. 22-CV-5484, 2023 U.S. Dist. LEXIS 210433, at *6 (E.D.N.Y. Nov. 27, 2023) (citing *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam)).  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Bricklayers*, 779 F.3d at 189 (cleaned up).  Instead, the plaintiff must establish with "reasonable certainty" its entitlement to the relief requested.  *Cement & Concrete Workers Dist. Council Welfare Fund et al v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

## DISCUSSION

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default."  *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004); *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012) (summary order) ("[A] lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt.").  "[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note."  *Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935, 2010 U.S. Dist. LEXIS 89483, at *5–6 (E.D.N.Y. Aug. 30, 2010) (citation omitted).

6

"Once a mortgagee's *prima facie* case is established, the mortgagor must make an affirmative showing that a defense to the action exists." *Hoyer*, 362 F. Supp. 3d at 80 (quoting *Builders Bank*, 2010 U.S. Dist. LEXIS 89483, at *6). In her answer, Olstrom raised the following affirmative defenses: the plaintiff is not "the party in interest, lacks legal capacity to sue, lacks standing, and fails to state a cause of action;" the plaintiff's claims are barred "to the extent that interested, required, necessary and/or indispensable parties have not been joined in this action;" the defendants "have made payments which have not been properly credited;" and the plaintiff did not properly serve the defendants with notices pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1304 and 1305. (ECF No. 12 ¶¶ 4–7.)

## I. The Plaintiff's *Prima Facie* Case

The plaintiff has established a *prima facie* case. First, there is no genuine dispute that there is "an obligation secured by a mortgage." *Paugh*, 332 F. Supp. 2d at 680. The plaintiff produced the mortgage and accompanying note, and nothing in Olstrom's answer or Rule 56.1 counterstatement establishes a genuine dispute of material fact. (ECF No. 1 at 6–20; ECF No. 12 ¶ 1 ("Defendant lacks knowledge or information sufficient to form a belief with respect to the allegations" that Olstrom executed and delivered the note and mortgage, that the mortgage was recorded in the Suffolk County Clerk's Office, and that the plaintiff "is the owner and holder" of the note and mortgage.); ECF No. 23-1 ("Defendant can not [sic] either affirm or deny" the same.).) *See Builders Bank*, 2010 U.S. Dist. LEXIS 89483, at *6 (producing the "mortgages and accompanying notes" was sufficient proof of the obligation).

Second, the plaintiff has shown that Olstrom defaulted. Kathy Dawe, a Foreclosure Specialist at RHS "who has knowledge of the circumstances of this matter based upon her review of the business records maintained in the regular course of business" (ECF No. 29-2 at 3;

7

*see also* ECF No. 29-7 ¶¶ 1–2), attested in a declaration that Olstrom defaulted (ECF No. 29-7 ¶¶ 5–6). (*See also* ECF No. 29-11 (business records of Olstrom's mortgage).) Courts have accepted similar affidavits as proof of default, even without a record of the defendant's payment history. *See, e.g.*, *Windward Bora, LLC v. Allen*, No. 18-CV-5756, 2020 U.S. Dist. LEXIS 187307, at *5 (E.D.N.Y. Oct. 6, 2020) ("an affidavit from [the plaintiff] asserting that [the defendant] breached her obligations under the Note, and thereby defaulted on the mortgage" was sufficient to demonstrate the default element of the *prima facie* case); *CIT Bank, N.A. v. Mitchell*, No. 17-CV-1969, 2021 U.S. Dist. LEXIS 2502, at *9–10 (E.D.N.Y. Jan. 6, 2021) ("CIT Bank has . . . shown [the defendant's] default by submitting copies of the notice of default, the 90-day pre-foreclosure notice, an affidavit by . . . CIT Bank's Assistant Secretary, and an affirmation by . . . CIT Bank's former attorney, attesting to [the defendant's] default."). In addition, Olstrom agreed that she stopped making payments. (ECF No. 23-1 ¶ 2 ("Defendant is delinquent in payments under the terms of the promissory note.").)

Finally, the plaintiff established the notice requirement by producing the 90-day notice that it sent to Olstrom by certified and first class mail, as explained below. (*See* ECF No. 29-13 at 17.)

### II. Affirmative Defenses

#### a. Standing

"Under New York law, 'a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981 (2d Dep't 2015)) (alterations omitted). "Holder status is established where the plaintiff possesses a note that, on

8

its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, NA v. Ostiguy*, 127 A.D.3d 1375, 1376 (3d Dep't 2015)).

The plaintiff established standing by attaching the note and the mortgage to the complaint. (ECF No. 1 at 6–20; *see also id.* ¶ 6 ("Plaintiff is the owner and holder of the Promissory Note and Mortgage.").)  In addition, Dawe states in her declaration that Olstrom "executed and delivered" to RHS the promissory note and the mortgage on December 13, 2000 (ECF No. 29-7 ¶ 3).  *See United States v. Phillips*, No. 19-CV-5348, 2022 U.S. Dist. LEXIS 3711, at *12 (E.D.N.Y. Jan. 7, 2022) (The plaintiff, the United States acting through RHS, "has standing as it is the holder of both the Note and Mortgage, which were delivered prior to the commencement of the action."); *Allen*, 2020 U.S. Dist. LEXIS 187307, at *4–5 (E.D.N.Y. Oct. 6, 2020) ("Windward attached the mortgage and unpaid Note to its complaint, along with evidence of the chain of assignments and an affidavit of Note possession by [the defendant's] sole member . . . . Annexing a Note endorsed in blank to the complaint is enough to demonstrate physical possession through delivery at the time the action is commenced, which establishes standing."); *CIT Bank, N.A. v. Moroz*, No. 16-CV-4473, 2019 U.S. Dist. LEXIS 206392, at *9 (E.D.N.Y. Nov. 27, 2019) ("Attached to the Certificate of Merit that Plaintiff filed contemporaneously with its complaint and summons, Plaintiff included copies of [the defendant's] note, mortgage, and assignment. . . . Plaintiff has made a prima facie showing of standing based on the physical delivery of the note to it prior to commencement of this action."); *Wilmington PT Corp. v. Gray*, No. 29-CV-1675, 2020 U.S. Dist. LEXIS 197781, at *9 (E.D.N.Y. Oct. 22, 2020) ("Having attached the Note and allonge to the Complaint, Wilmington has adequately demonstrated that it held both before asserting the claims on which it now seeks

9

relief."), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 233562 (E.D.N.Y. Dec. 11, 2020).

Olstrom asserts "no basis for questioning the veracity" of the note or mortgage "or the other applicable evidence" the plaintiff presents. *Hoyer*, 362 F. Supp. 3d at 79. (*See* ECF No. 23-1 ¶ 1 (Olstrom can neither "affirm or deny" the plaintiff's statement that she executed and delivered the note to the plaintiff.).) The plaintiff has established that it was the owner and holder of the note and mortgage when the complaint was filed in this case, and therefore has standing to bring this action.[10]

      b.      **Failure to State a Claim**

Olstrom asserts as an affirmative defense that the plaintiff "fails to state a cause of action," so "[t]he complaint must therefore be dismissed." (ECF No. 12 ¶ 4.) The Court has determined that the plaintiff has established a *prima facie* case. Accordingly, the failure to state a claim defense is dismissed. *See Hoyer*, 362 F. Supp. 3d at 81 (rejecting failure to state a claim defense where the plaintiff "ha[d] established its *prima facie* case"); *Signature Bank v. HKD Prods., Inc.*, No. 12-CV-6149, 2013 U.S. Dist. LEXIS 37992, at *5–6 (S.D.N.Y. Mar. 19, 2013) (same).

---

[10] The plaintiff does not address Olstrom's affirmative defenses that the plaintiff "is not the party in interest" and "lacks capacity to sue." (ECF No. 12 ¶ 4; ECF No. 29-2.) To the extent Olstrom meant these as separate defenses from the lack of standing claim, she did not support them in her answer (ECF No. 12) or her Rule 56.1 counterstatement (ECF No. 23-1); the "party in interest" defense typically arises in the context of a bankruptcy stay, *see, e.g.*, *Selig v. Druckman Law Grp. PLLC*, No. 17-CV-4510, 2018 U.S. Dist. LEXIS 140807, at *14–15 (E.D.N.Y. Aug. 20, 2018); and the "lack of capacity" defense typically arises where a defendant challenges a plaintiff's capacity to accept an assignment of a mortgage, *see, e.g.*, *Feliciano v. U.S. Bank N.A.*, No. 13-CV-5555, 2014 U.S. Dist. LEXIS 88103, at *8 (S.D.N.Y. June 26, 2014); *Castellano v. JP Morgan Chase Bank, N.A.*, No. 13-CV-3390, 2014 U.S. Dist. LEXIS 33559, at *13 (S.D.N.Y. Mar. 13, 2014). Accordingly, the Court finds that the defenses lack merit.

      **c.     Necessary Defendants**

Next, Olstrom contends that the plaintiff's claims "are barred, in whole or in part, to the extent that interested, required, necessary and/or indispensable parties have not been joined in this action." (ECF No. 12 ¶ 5.)

"A party may move for judgment dismissing [the] causes of action asserted against him on the ground that . . . the court should not proceed in the absence of a person who should be a party." N.Y. C.P.L.R. § 3211(a)(10). In a foreclosure action, necessary defendants include (1) "[e]very person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein;" (2) "[e]very person having a right of dower or an inchoate right of dower in the real property or any part or share thereof;" (3) "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff'" and (4) "[w]here the mortgage is upon any of the public utilities regulated by the public service law, the public service commission." N.Y. Real Prop. Acts. L. § 1311.

The plaintiff brought this action against Jennifer Olstrom—the mortgagor—and TFCU, which appears to have an interest in or lien upon the Property. (ECF No. 1 ¶ 12; *see also id.* at 22–24 (UCC Financing Statement filed with Suffolk County Clerk's Office).) The plaintiff also sued and attempted to serve unknown co-defendants John Doe, Mary Roe, and XYZ Corporation, in case there were any "tenants, occupants or other persons . . . having or claiming any estate or interest in possession upon the premises or any portion thereof" (*id.* ¶ 16; *see also* ECF Nos. 11-2, 11-3, 11-4), but no such persons have appeared in the action. Nothing in the

11

record suggests that there are any other necessary parties that have not yet been joined, and Olstrom does not identify any. (*See generally* ECF Nos. 12, 23-1.)

Even if there are other necessary defendants, "the proper remedy for nonjoinder" is "to direct that the party be joined as a defendant, not 'to dismiss the action upon the motion of the party who was properly named.'" *Cent. Mortg. Co. v. Davis*, 149 A.D.3d 898, 900 (2d Dep't 2017) (quoting *Dime Sav. Bank, FSB v. Johneas*, 172 A.D.2d 1082, 1083 (4th Dep't 1991)); *see Marine Midland Bank, N.A. v. Freedom Rd. Realty Assocs.*, 203 A.D.2d 538, 539 (2d Dep't 1994) ("The absence of a necessary party in a mortgage foreclosure action simply leaves that party's rights unaffected by the judgment of foreclosure and sale." (citations omitted)).

d.  **Partial Payment**

Olstrom's assertion in her answer that the "[d]efendants have made payments which have not been properly credited and are not reflected in the Summons and Complaint" also lacks merit. (ECF No. 12 ¶ 6.) In her Rule 56.1 counterstatement, Olstrom says only that she "does not agree to the amount claimed due and owing." (ECF No. 23-1 ¶ 4.) She cites no evidence for her claim that payments have not been credited, or for her disagreement with the amount due; nor does she challenge the note's payment history to which Dawe, the RHS employee, attested. (*See* ECF No. 29-2 at 7; ECF No. 29-7 ¶¶ 5–6; ECF No. 29-11.) In any case, "[i]t is well settled that once a mortgagor defaults on loan payments, a mortgagee is not required to accept less than the full repayment as demanded." *EMC Mortg. Corp. v. Stewart*, 2 A.D.3d 772, 773 (2d Dep't 2003) (citing *First Fed. Sav. Bank v. Midura*, 264 A.D.2d 407, 407–08 (2d Dep't 1999); *Home Sav. of Am. v. Isaacson*, 240 A.D.2d 633, 633–34 (2d Dep't 1997)). Olstrom concedes that she has not made full repayment (ECF No. 23-1 ¶ 3); accordingly, the action cannot be dismissed on this basis.

### e. RPAPL's Notice and Filing Provisions

Finally, Olstrom asserts that the plaintiff has not complied with RPAPL Sections 1304 and 1305's notice requirements. (ECF No. 12 ¶ 7.)

#### i. RPAPL Section 1304

RPAPL § 1304(1) requires that

> [W]ith regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower.

N.Y. Real Prop. Acts. L. § 1304(1). Under Section 1304(2), the notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." *Id.* § 1304(2). "Proper service of RPAPL [Section] 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 102 A.D.3d 909, 910 (2d Dep't 2013)), *certified question accepted*, 34 N.Y. 3d 1137 (2020). The plaintiff must satisfy this "affirmative obligation" "regardless of the adequacy of [the] [d]efendant['s] briefing." *Hoyer*, 362 F. Supp. 3d at 83.

The plaintiff can establish compliance "with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Schiffman*, 948 F.3d at 533 (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 20-21 (2d Dep't 2019)).

13

The plaintiff submitted the 90-day notice it sent to Olstrom, which meets Section 1304's requirements.  (ECF No. 29-13.)  It includes the language "YOU MAY BE AT RISK OF FORECLOSURE.  PLEASE READ THE FOLLOWING NOTICE CAREFULLY," as well as a statement of the dollar amount in default and the number of days the account has been in default, and information regarding housing counseling agencies.  (*Id.* at 1, 4–14)  In addition, an employee at the plaintiff's counsel's office stated in an affidavit of mailing that she served the 90-Day Notice on June 20, 2019—over 90 days before the plaintiff brought this action—by "regular, first class mail[,] and by Certified Mail Return Receipt" to Olstrom's "last known address."  (*Id.* at 17.)  The plaintiff also filed a proof of filing statement showing that, pursuant to RPAPL § 1306(1), RHS notified the New York State Department of Financial Services within three business days that it mailed the notice (ECF No. 29-14).

Indeed, Olstrom does not dispute that she received the notice; she says only that she "has no information regarding a 90-day pre-foreclosure notice and can neither confirm nor deny this allegation.  Documentation regarding such service is entirely within the control of the plaintiff."  (ECF No. 23-1 ¶ 3.)  Even if she had denied getting the notice, "a mere denial of receipt is insufficient to rebut a presumption of proper service established by an affidavit of service [or mailing]." *Conti-Scheurer*, 172 A.D.3d at 23.  Accordingly, there is no genuine dispute that the plaintiff sent the notice in compliance with RPAPL Section 1304.

        ii.     *RPAPL Section 1305*

Olstrom also argues that the plaintiff did not comply with RPAPL Section 1305, which is also a condition precedent to the commencement of a foreclosure action (ECF No. 12 ¶ 7), but it establishes notice requirements for tenants, not for homeowners.  N.Y. Real Prop. Acts. L.

14

§ 1305 (titled "Notice to tenants"). Because Olstrom is the mortgagor, not a tenant, of the Property, Section 1305 does not apply here.

### III. Default Judgment

The plaintiff also moves pursuant to Rule 55(b) for entry of a default judgment in its favor against TFCU. (ECF No. 29 at 1–2.)

As discussed above, the necessary parties to a mortgage foreclosure include "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." N.Y. Real Prop. Acts. L. § 1311(3). "The rationale for joinder of these interests derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *71-21 Loubet, LLC v. Bank of Am., N.A.*, 208 A.D.3d 736, 739 (2d Dep't 2022).

The plaintiff seeks to extinguish TFCU's interest in the Property, and so must establish TFCU's "nominal liability." *E.g.*, *OneWest Bank N.A. v. Louis*, No. 15-CV-597, 2016 U.S. Dist. LEXIS 82026, at *36 (S.D.N.Y. June 22, 2016). "To plead nominal liability, a plaintiff must allege 'in great detail' the nature of a defendant's interest in the subject property." *Miss Jones LLC v. Brown*, No. 17-CV-898, 2020 U.S. Dist. LEXIS 148140, at *16 (E.D.N.Y. Aug. 14, 2020) (quoting *Wells Fargo Bank, N.A. v. Landi*, No. 13-CV-5822, 2015 U.S. Dist. LEXIS 127146, at *7 (E.D.N.Y. Sept. 22, 2015)), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 166633 (E.D.N.Y. Sept. 11, 2020); *see, e.g.*, *OneWest Bank, N.A. v. Raghunath*, No. 14-CV-3310, 2015 U.S. Dist. LEXIS 131713, at *7–8 (E.D.N.Y. Sept. 8, 2015) (finding "well-pleaded allegations of nominal liability" where the plaintiff alleged "that records of the City Register of New York indicate that Citimortgage holds a lien on the premises which was

15

assigned to Citimortgage on July 11, 2003, and recorded on April 6, 2004, at CRFN 2004000205725"), *report and recommendation adopted in part by* 2015 U.S. Dist. LEXIS 131465 (E.D.N.Y. Sept. 29, 2015); *CIT Bank, N.A. v. Dambra*, No. 14-CV-3951, 2015 U.S. Dist. LEXIS 158088, at *18–19 (E.D.N.Y. Sept. 25, 2015) (holding nominal liability was well-pleaded where the plaintiff submitted title searches reflecting monies owed).

      The plaintiff has not alleged the nature of TFCU's interest in the Property in sufficient detail.  The complaint alleges only that TFCU "ha[s] or may claim to have some interest in or lien upon the mortgaged premises or some part thereof, which interest or lien, if any accrued subsequently to the lien of the United States mortgage and is subsequent thereto."  (ECF No. 1 ¶ 12.)  The plaintiff also submitted a UCC Financing Statement that refers to the Property and lists Olstrom as the debtor and TFCU as the secured party (*id.* at 21–24), but it does not explain the nature of TFCU's interest in the Property or how TFCU "came about its [interest]" such that it is subordinate to the plaintiff's, *Freedom Mortg. Corp. v. Habeeb*, No. 19-CV-5881, 2023 U.S. Dist. LEXIS 130496, at *32–33 (E.D.N.Y. July 27, 2023), *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 140537 (E.D.N.Y. Aug. 11, 2023).  The motion does not include any additional details.  (*See generally* ECF No. 29.)  Accordingly, the plaintiff has not pleaded TFCU's nominal liability, and its motion for default judgment is denied without prejudice.  *See, e.g.*, *Landi*, 2015 U.S. Dist. LEXIS 127146, at *7–8 (declining to impose nominal liability against a defendant because the plaintiff did not adequately describe that defendant's interest in the property or submit documentation for it); *Whittle*, 2023 U.S. Dist. LEXIS 210433, at *12–13 (same).

## IV.     Dismissal of Unnamed Defendants

The plaintiff moves for an order pursuant to Federal Rule of Civil Procedure 15 "amending the caption of the action by dismissing the defendants John Doe, Mary Roe and XYZ Corporation," names "intending to designate tenants, occupants, or other persons, if any, having or claiming any estate or interest in possession upon the premises or any portion thereof" (ECF No. 1 ¶ 16), because "no one has been served under these fictitious names at the premises at issue" (ECF No. 29 at 1).

The action is dismissed without prejudice against John Doe, Mary Roe and XYZ Corporation, pursuant to Federal Rule of Civil Procedure 41(a)(2).  There is no need to amend the caption because the plaintiff is not asking to substitute new defendants.  *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656, 2015 U.S. Dist. LEXIS 131774, at *32–33 (E.D.N.Y. Sept. 2, 2015) (noting there was no need to amend the caption where the plaintiff requested to discontinue the action against John Doe defendants and did not seek to replace them with named defendants), *report and recommendation adopted by* 2015 U.S. Dist. LEXIS 130130 (E.D.N.Y. Sept. 25, 2018).

17

## CONCLUSION

For these reasons, the Court grants the plaintiff's motions for summary judgment against Jennifer Olstrom and to discontinue the action against John Doe, Jane Roe, and XYZ Corporation. The Court denies the plaintiff's motion for default judgment against TFCU without prejudice to refiling. The Court denies as moot the plaintiff's motions to strike and dismiss Olstrom's answer and affirmative defenses and to amend the caption.

"Pursuant to [RPAPL Section 1321], the trial court has the authority to compute the amount owed or appoint a referee to do the same." *U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384, 2016 U.S. Dist. LEXIS 162554, at *10 (S.D.N.Y. Nov. 22, 2016) (appointing a referee to calculate damages and sell the property after awarding summary judgment to plaintiff in a foreclosure action); *see also CIT Bank, N.A. v. Langley*, No. 17-CV-1548, 2019 U.S. Dist. LEXIS 198510, at *16 (E.D.N.Y. Nov. 15, 2019) ("[U]pon awarding summary judgment to a plaintiff in a foreclosure action, the RPAPL allows for the appointment of a referee."). The plaintiff is directed, within 30 days, to file a proposed judgment of foreclosure providing for a sale of the Property and requesting the appointment of a proposed referee to calculate the total amount owed to the plaintiff, effectuate the sale, and disperse funds from such a sale.

**SO ORDERED.**

                                                                           s/Ann M. Donnelly
                                                                      _____
                                                                      ANN M. DONNELLY
                                                                      United States District Judge

Dated: Brooklyn, New York
         March 29, 2024